UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL FRISON,

                Plaintiff,        COURT FILE NO: 13-cv-1732-DSD-TNL

v.

INTEGRITY SOLUTIONS SERVICES,
INC. and BARB LAHO,

                Defendants.

## ANSWER OF INTEGRITY SOLUTIONS SERVICES, INC.

Defendant Integrity Solutions Services, Inc. ("ISS") as and for its Answer to the Complaint of Michael Frison ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, ISS admits that Plaintiff is asserting claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* but denies that it violated any law.

2. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint and therefore denies the same.

2381534v4

3. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. In response to paragraph 5 of Plaintiff's Complaint, ISS admits that 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) confer jurisdiction upon this Honorable Court but denies that jurisdiction is proper as it has not violated any law. ISS denies that this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1367 as Plaintiff has not alleged any state law claims.

6. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. ISS admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. ISS admits the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. In response to paragraph 10 of Plaintiff's Complaint, ISS admits that at times it is a "debt collector" as defined by the FDCPA but has insufficient information

and knowledge to either admit or deny that it acted as a "debt collector" as defined by the FDCPA in this matter and therefore denies the same.

11. In response to paragraph 11 of Plaintiff's Complaint, ISS admits that at times Pinnacle Financial Group, Inc., was a "debt collector" as defined by the FDCPA but has insufficient information and knowledge to either admit or deny that Pinnacle Financial Group, Inc. acted as a "debt collector" as defined by the FDCPA in this matter and therefore denies the same.

12. In response to paragraph 12 of Plaintiff's Complaint, ISS admits that Barb Laho is a natural person and that at times she is a "debt collector" as defined by the FDCPA but has insufficient information and knowledge to either admit or deny that Barb Laho acted as a "debt collector" as defined by the FDCPA in this matter and therefore denies the same.

13. In response to paragraph 13 of Plaintiff's Complaint, ISS admits that Barb Laho was employed as a collector by Pinnacle Financial Group, Inc. and later by ISS. ISS has insufficient information and knowledge to either admit or deny that Barb Laho acted as a "debt collector" as defined by the FDCPA in this matter and therefore denies the same.

14. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and therefore denies the same.

2381534v4

15. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. In response to paragraph 17 of Plaintiff's Complaint, ISS admits that Plaintiff incurred a financial obligation as alleged, upon information and belief, but has insufficient information and knowledge to either admit or deny the remaining allegations set forth and therefore denies the same.

18. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. In response to paragraph 19 of Plaintiff's Complaint, ISS admits that a financial obligation incurred by Plaintiff as alleged was placed with Pinnacle Financial Group, Inc. for collection but has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

20. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

2381534v4

21. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. ISS admits the allegations set forth in paragraph 26 of Plaintiff's Complaint, upon information and belief.

27. ISS admits the allegations set forth in paragraph 27 of Plaintiff's Complaint, upon information and belief.

28. In response to paragraph 28 of Plaintiff's Complaint, ISS denies that Barb Laho was calling on behalf of Pinnacle Financial Group, Inc. but admits the remaining allegations, upon information and belief.

29. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. ISS admits the allegations set forth in paragraph 31 of Plaintiff's Complaint, upon information and belief.

32. ISS admits the allegations set forth in paragraph 32 of Plaintiff's Complaint, upon information and belief.

33. ISS admits the allegations set forth in paragraph 33 of Plaintiff's Complaint, upon information and belief.

34. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. ISS admits the allegations set forth in paragraph 35 of Plaintiff's Complaint, upon information and belief.

36. In response to paragraph 36 of Plaintiff's Complaint, ISS admits that Plaintiff has summarized a section of the FDCPA.

37. In response to paragraph 37 of Plaintiff's Complaint, ISS admits that it had more than one telephone conversation with Plaintiff's attorney's office but denies that it received at least two letters from Plaintiff's attorney prior to Plaintiff's Complaint being

filed. ISS has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

38. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. ISS denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. ISS denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45. ISS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 45 of Plaintiff's Complaint and therefore denies the same.

2381534v4

46. ISS denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. ISS denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. ISS denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. In response to paragraph 49 of Plaintiff's Complaint, ISS admits that Plaintiff has demanded a trial by jury but denies that Plaintiff is entitled to a trial by jury as there has been no violation of law.

50. ISS restates and realleges paragraphs 1 through 49 of this Answer as though fully stated herein.

51. ISS denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. ISS denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. In response to paragraph 53 of Plaintiff's Complaint, ISS admits that Plaintiff requests the relief set forth therein but denies that Plaintiff is entitled to said relief as there has been no violation of law.

54. In response to paragraph 54 of Plaintiff's Complaint, ISS admits that Plaintiff requests the relief set forth therein but denies that Plaintiff is entitled to said relief as there has been no violation of law.

55. In response to paragraph 55 of Plaintiff's Complaint, ISS admits that Plaintiff requests the relief set forth therein but denies that Plaintiff is entitled to said relief as there has been no violation of law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

2381534v4

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ISS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of ISS.

## THIRD DEFENSE

Any violation of the FDCPA, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ISS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against ISS.

## FIFTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of ISS.

**WHEREFORE,** ISS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against ISS with prejudice and on the merits; and,

2. Awarding ISS such other and further relief as the Court deems just and equitable.

                                    MOSS & BARNETT
                                    A Professional Association

Dated:  August 15, 2013        s/ James R. Bedell
                                    Michael S. Poncin (#296417)
                                    James R. Bedell (#351544)
                                    4800 Wells Fargo Center
                                    90 South Seventh Street
                                    Minneapolis  MN  55402-4129
                                    Telephone:  (612) 877-5000
                                    ATTORNEYS FOR DEFENDANT
                                    INTEGRITY SOLUTION SERVICES, INC.